IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| *In re* HRN GROUP, LLC,<br>    Debtor.<br><br>HRN GROUP, LLC,<br>    Appellant,<br><br>            v.<br><br>WILMINGTON SAVINGS FUND SOCIETY; ALDRIDGE PITE, LLP; WELLS FARGO BANK, N.A.; NEW REZ, LLC; OCWEN LOAN SERVICING, LLC; PHH MORTGAGE SERVICES; BANK OF AMERICA, N.A.; CARRINGTON MORTGAGE SERVICES, LLC; JP MORGAN CHASE BANK, N.A.; O'KELLEY & SOROHAN, ATTORNEYS AT LAW, LLC; PRESTIGE HOME INVESTMENT, LLC' OMAR MEHOOB; NAJARIAN CAPITAL, LLC; DEUTSCHE BANK TRUST COMPANY; SECRETARY OF HOUSING & URBAN DEVELOPMENT; MAGISTRATE COURT OF DEKALB COUNTY; STATE COURT OF DEKALB COUNTY DEKALB COUNTY MARSHAL OFFICE; DIANE E. BESSEN; STEVEN J. FLYNN; PHYLLIS R. WILLIAMS; NORA L. POLK; GARY J. LESHAW; GREGORY FUNDING, LLC; FEDERAL NATIONAL MORTGAGE *FNMA as Trustee for Pool #1*; NATIONSTAR MORTGAGE, LLC,<br>    Appellees. | Bankruptcy Case No.<br>18-63282-WLH<br><br><br><br><br>Civil Action No.<br>1:20-cv-00699-SDG |

**ORDER TO SHOW CAUSE**

This matter is before the Court on its *sua sponte* review of the record. **Within 30 days after entry of this Order**, Appellant HRN Group, LLC ("HRN") is

**DIRECTED** to comply with the instructions contained herein. Failure to do so will result in the **dismissal of this appeal with prejudice**.

## I.   BACKGROUND

On December 30, 2019, HRN filed a notice of appeal from a December 18, 2019 order entered by the bankruptcy court staying all pretrial deadlines and discovery in an adversary proceeding pending resolution of various dispositive motions filed by the adversary proceeding defendants.[1] The bankruptcy court construed HRN's "Affidavit of Opposition" to that order as a motion for reconsideration, which it denied on February 13, 2020.[2] Accordingly, the appeal was not docketed until February 13, 2020, pursuant to Fed. R. Bankr. P. 8002(b)(2).[3]

On this appeal, HRN is attempting to proceed "pro se" through Jason J. Morton as "Power of Attorney in Fact," "Sui-Juris Beneficial Interest Holder and Executrix [*sic*]," or simply "Beneficial Interest Holder and Executrix [*sic*]."[4] It

---

[1]   ECF 1-1, at 1; *id.* at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Dec. 18, 2019 Order Staying Pretrial Deadlines and All Discovery).

[2]   ECF 1-2 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding 19-5312-WLH, Feb. 13, 2020 Order Denying Motion to Reconsider Order Staying Pretrial Deadlines and All Discovery).

[3]   ECF 1.

[4]   ECF 1-1, at 5, 6, 13, 37.

appears that HRN attempted to proceed "pro se" through Mr. Morton or "Danitta-Ross: Morton" repeatedly during the underlying bankruptcy proceeding.[5] There is no indication that either Mr. or Ms. Morton is an attorney admitted to practice in this Court. Nor is there any attorney of record representing HRN.

In addition, HRN seeks to proceed *in forma pauperis* ("IFP") — that is, without the prepayment of court fees.[6] Mr. Morton provided an affidavit of indigence with the notice of appeal, although it is unclear whether he is attesting to his own indigence or that of HRN.[7] Regardless, HRN is not entitled to IFP status because it is not a natural person.

## II.   DISCUSSION

### a.   Lack of Counsel

HRN, as a limited liability company, cannot proceed *pro se* — that is, it cannot represent itself in court. In order to proceed in this Court, HRN must be represented by counsel authorized to practice in this Court. As the Supreme Court noted nearly three decades ago,

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have

---

[5]  *See, e.g.*, ECF 1-2, at 2.

[6]  ECF 1, at 1; ECF 5.

[7]  *Compare* ECF 5, at 1 *with id.* at 6.

> recognized, the rationale for that rule applies equally to *all artificial entities*.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (emphasis added) (citations omitted). *See also Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) (per curiam) (citing cases). Thus, the fact that HRN is a limited liability company rather than a corporation is of no import.

Moreover, HRN and Mr. Morton are clearly aware of this requirement. The passage below is taken directly from the United States Bankruptcy Court's order in an adversary proceeding that was part of HRN's underlying bankruptcy case:

> It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distr. Co.*, 748 F.2d 602, 609 (11th Cir. 1984). While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons." In *Palazzo v. Gulf Oil Corporation*, 764 F.2d 1381, 1385 (11th Cir. 1985), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se." This is true even when the person seeking to represent the corporation is its president or major shareholder. As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate

representation. *See Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713–14 (2006) (cites omitted).[8]

In fact, HRN seeks to appeal that very bankruptcy order in a separate appeal pending before this Court.[9] The bankruptcy judge repeatedly informed HRN and the individuals who seek to represent it that the company could only be represented by counsel.[10]

This Court now reiterates what HRN has been told numerous times: In order to proceed in this (or any) Court, HRN must be represented by counsel. *Davis*, 612 F. App'x at 976–77 (holding that corporation should be provided opportunity to obtain counsel before dismissal of its appeal) (citing cases).

b. **Motion to Proceed IFP**

On February 28, 2020, HRN filed its Motion for Permission to Appeal IFP.[11] And, although the motion used the form for an appeal to the Eleventh Circuit,

---

[8] *HRN Group, LLC v. Aldridge Pite, LLP (In re HRN Group, LLC)*, Case No. 20-cv-00704-SDG, ECF 1-1, at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP at 3–4).

[9] N.D. Ga. Case No. 1:20-cv-00704-SDG.

[10] *HRN Group, LLC v. Aldridge Pite, LLP (In re HRN Group, LLC)*, Case No. 20-cv-00704-SDG, ECF 1-1, at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP at 3–4).

[11] ECF 5.

under 28 U.S.C. § 158(a), appeals of orders from the bankruptcy court are first heard by this Court rather than the Court of Appeals. While 28 U.S.C. § 1930 permits the district court to waive certain fees in Chapter 7 bankruptcy cases (such as the one filed by HRN), this provision permits such waivers only for individuals—*i.e.*, natural persons. 28 U.S.C. § 1930(f)(1) ("[T]he district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an *individual* if the court determines that such *individual* has income less than 150 percent of the income official poverty line . . . .") (emphasis added).

Given the inapplicability of Section 1930, another possibility to proceed IFP might be found in Section 1915. *Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 977–78 (7th Cir. 2020) (indicating that Section 1930(f) does not apply in Chapter 13 cases but that, in extraordinary circumstances, such debtors might be able to proceed IFP under 28 U.S.C. § 1915). HRN cannot, however, avail itself of this statute either. Section 1915(a)(1) states:

> [A]ny court of the United States may authorize the commencement . . . of any suit, action, or proceeding . . . or appeal therein without payment of fees and costs or security therefor, by *a person who* submits an affidavit that includes a statement of all assets such [a person] possesses that the person is unable to pay such fees or give security therefor.

(Emphasis added.) *See also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (recognizing that § 1915 applies to non-prisoner litigants). The Supreme Court has interpreted this language to apply only to natural persons. *Rowland*, 506 U.S. at 196 (holding that only natural persons may qualify for IFP treatment under 28 U.S.C. § 1915); *ReadyCap Lending, LLC v. Alliance for Change Through Treatment*, LLC, Civ. A. No. 1:18-cv-03709-CC-RGV, 2017 WL 4500280 (Aug. 15, 2018), *report and recommendation adopted by* 2018 WL 4482061 (N.D. Ga. Sept. 6. 2018).

As a limited liability company, HRN is not a natural person and is not permitted to proceed IFP under Section 1930 or Section 1915. Accordingly, it must pay the filing fee or see its appeal dismissed. *Owens v. GMAC Mortg. (In re Owens), LLC*, 458 F. App'x 836, 838 (11th Cir. 2012) (per curiam) (finding no abuse of discretion where district court dismissed bankruptcy appeal because individual debtor failed to pay required filing fee or to file an application to proceed IFP); *Arnold v. Mortg. Elec. Registration Sys. (In re Arnold)*, 166 F. App'x 424 (11th Cir. 2006) (finding no abuse of discretion where district court dismissed Chapter 7 bankruptcy appeal because debtor failed to pay filing fee).

### III. CONCLUSION

HRN is not entitled to pursue its appeal without being represented by counsel authorized to practice in this Court and paying the required filing fee. Within 30 days after entry of this Order, HRN is **ORDERED** to **(1)** file a notice of appearance of counsel on its behalf and **(2)** pay the required filing fee. Failure to comply with these directives will result in dismissal of this action with prejudice. Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

The Clerk is **DIRECTED** to resubmit this Order to the Court in 30 days.

**SO ORDERED** this the 21st day of July 2020.

Steven D. Grimberg
United States District Court Judge